JUSTICE GRAY,
dissenting.
I respectfully and reluctantly dissent from the Court’s opinion. While it is clear that the Board of Land Commissioners and its legal advisers did not cover themselves in glory via their conduct in these proceedings, I cannot join the Court’s sweeping effort to reconstitute the administrative record on which the Board made its decision in order to provide the plaintiffs a “second bite at the apple” in their late effort to impact on that record and the ultimate decision in this case. I would affirm the District Court’s conclusion that the Board’s decision was not arbitrary, capricious or unlawful.
The issue of whether the Board’s decision was unlawful is not a difficult one. Late or not, the Board ultimately concluded that § 77-2-203(2), MCA, applies to this land exchange. When it did so, it made special findings relating to the statutory requirements on the basis of the record before it, provided opportunities for public input and comment on those findings, and ratified its earlier approval of the land exchange on the basis of those findings. Thus, it cannot fairly be said that the Board’s decision was unlawful.
*120 Moreover, while I agree with the Court and with Judge Buyske’s thoughtful special concurrence that the procedures by which the Board’s ratified decision was made were undoubtedly unseemly from the standpoint of the public’s rightful expectations of the Board, the question before us is not whether the procedures were arbitrary or capricious. The question is whether the Board’s decision was arbitrary or capricious, and I submit that it was not. The District Court concluded, and I agree, that sections 3.2.8 and 4.1.8 of the EA provided a sufficient basis — that is, substantial evidence — to support the Board’s findings and conclusions that the land exchange meets the requirements of § 77-2-203(2), MCA. Beyond that, we cannot properly go in this case.
The Court, however, approaches this case as if it were a direct challenge to the EA, notwithstanding that all parties agree it is not. In its sweeping consideration and evaluation of the evidence the plaintiffs submitted to the District Court after the EA was long completed, this Court essentially upends the EA process and the right of agencies who must use EAs in decision-making to rely on them. It does so by essentially allowing the plaintiffs — who either sat out the EA process or whose views were not accepted during that process — to make a “new” record relating to matters addressed in the EA, after the fact and absent a legal challenge to the EA or the process by which the EA was developed. If the plaintiffs wanted to impact the EA, they were obliged to do so during that process. Since the evidence presented to the District Court was not offered during that process, it cannot properly be considered now in this indirect attack on the EA via a challenge to the Board’s decision.
Moreover, the plaintiffs could have presented the evidence at issue to the Board prior to the Board’s conclusion that § 77-2-203(2), MCA, applied or during the public comment and input opportunities provided on the Board’s special findings ratifying and approving the land exchange. They did not do that either. Thus, I cannot agree with the Court’s determination that this evidence can now be used to create genuine issues of material fact regarding whether the Board’s decision was arbitrary or capricious.
Finally, the Court’s approach to the use of late-offered evidence to create genuine issues of material fact regarding whether the Board’s decision was arbitrary or capricious essentially allows this Court — or any court — to intrude directly into the decision-making responsibilities of the Board. No matter how the Court couches it, its decision in this case means that every administrative agency decision can be *121 challenged on “arbitrary or capricious” grounds if a mere evidentiary conflict in the record can be raised — or created after the fact — and every such challenge will allow courts to both intrude into agency decision-making and substitute their judgment for that of the agency. Notwithstanding the rumored discontent in many quarters over the extent to which the legislature has delegated authority to administrative agencies, I cannot agree that the Court can properly vest that authority in itself.
I dissent.